# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for DSLA Mortgage Loan Trust 2004-AR4, | CASE NO. 14cv297-LAB (BLM) |
| Plaintiff, | **ORDER DENYING MOTION FOR REMAND** |
| vs. | |
| CELESTE LOUDON, DAVID LOUDON, | |
| DefendantS. | |

On February 7, 2014, Defendants who are California citizens proceeding *pro se*, removed this action from state court, citing diversity jurisdiction.

Plaintiff Deutsche Bank then on February 28 filed an *ex parte* motion for remand that failed to comply with numerous provisions of this District's Civil Local Rules and the Court's standing order. Most seriously, Deutsche Bank selected its own hearing date, and purported to impose that hearing date on the Court. The hearing date given in the caption and notice of motion was not obtained from the Court, and parties have no authority to control the Court's docket in this fashion. *See* Civil Local Rule 7.1(b) ("All hearing dates for any matters on which a ruling is required must be obtained from the clerk of the judge to whom the case is assigned."); *Kashin v. Kent*, 342 Fed.Appx. 341, 342 (9th Cir. 2009) (holding that district court properly rejected application for filing, where application was filed in violation of this District's Civil Local Rule 7.2(b)).

1    The notice of motion included a proposed order, in violation of § 2(h) of this District's
2    Electronic Case Filing Administrative Policies & Procedures Manual ("Registered users
3    SHOULD NOT FILE OR SUBMIT proposed orders within the electronic filing system.")  No
4    proof of service was filed. *See* Civil Local Rule 83.3(h)(2) (in all but extraordinary
5    circumstances requiring proof by affidavit or declaration showing the opposing party was
6    informed that a movant would be seeking relief *ex parte*, and told when and where the
7    motion would be made); Standing Order, § 8 ("Any *ex parte* application filed with the Court
8    shall be served on the opposing counsel via facsimile or overnight mail.") And Defendants,
9    because they are not registered CM/ECF users, would not receive electronic notification of
10   this document's filing. It is uncertain they would even find out about the hearing, much less
11   have time to file an opposition or otherwise prepare for it. And even if the hearing were being
12   held and Defendants somehow found out about it, the notice of motion incorrectly gave the
13   state courthouse's address as the hearing location. In these respects, the motion amounts
14   to an unfair ambush.

15   In addition, there is no reason why this motion should have been filed *ex parte*, rather
16   than as a regular noticed motion. *See* Standing Order, § 8 (directing parties to use noticed
17   motions, except when otherwise provided by rule or court order, or in extraordinary
18   circumstances).  A noticed motion involves a 28-day briefing schedule and allows opposing
19   parties time to respond. *See* Civil Local Rule 7.1(e)(1).

20   Finally, the motion to remand doesn't address the basis for removal. The notice of
21   removal cites diversity as the basis for jurisdiction, and alleges the parties' diverse citizenship
22   as well as an amount in controversy exceeding $75,000. The motion for remand, however,
23   merely addresses the absence of a federal question. This argument is inapposite.  The
24   motion (Docket no. 3) is therefore **DENIED**.

25   Deutsche Bank is <u>not</u>, however foreclosed from renewing its motion on some other
26   ground. For example, the removing Defendants are local, and therefore under 28 U.S.C.
27   § 1441(b)(2), they had no right to remove this case from state court. *See Spencer v. U.S.*
28   *Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (citing 28 U.S.C. § 1441(b))

("It is . . . clear that the presence of a local defendant at the time removal is sought bars removal.") This bar is procedural rather than jurisdictional, though, and therefore can't be raised by the Court *sua sponte*. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).  But if Deutsche Bank were to make a <u>timely</u> motion for remand (that is, within 30 days of the removal date, *see* 28 U.S.C. § 1447(c)), the Court sees no reason why it would not be granted. If Deutsche Bank seeks remand on that basis, the Court **GRANTS** it leave to file that motion *ex parte*; the Court will set a briefing schedule and may hold a hearing, if appropriate.

It may also be that there are jurisdictional defects, and the 30-day time limit does not apply to remand on that basis. *See* § 1447(c). Such defects can also be raised by the Court *sua sponte*. *Id*.

**IT IS SO ORDERED**.

DATED:  March 5, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 3 -

14cv297