# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for DSLA Mortgage Loan Trust 2004-AR4,<br><br>　　　　Plaintiff,<br>　vs.<br><br>CELESTE LOUDON, DAVID LOUDON,<br><br>　　　　Defendants. | CASE NO. 14cv297-LAB (BLM)<br><br>**ORDER DENYING LEAVE TO FILE DOCUMENTS ELECTRONICALLY; AND**<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION AND REMAND** |

　　Defendants, who are proceeding *pro se*, have applied for leave to file documents electronically in the Court's CM/ECF system. Although they agree to abide by the District's CM/ECF requirements, it isn't clear they are able to do so consistently. In addition, it's not clear at this point that this case will require the filing of very many documents and therefore it appears allowing Defendants to file electronically would not increase efficiency at all. The application is **DENIED WITHOUT PREJUDICE**.

/ /
/ /
/ /
/ /
/ /

Defendants removed this unlawful detainer action, citing diversity jurisdiction.[1] Plaintiff Deutsche Bank moved for remand on inapposite grounds, which was denied. (Docket no. 4.) Although there appear to have been substantial procedural defects in the removal, Deutsche Bank didn't timely object to any of them, and they are therefore waived.

The Court, however, must examine notices of removal and remand actions, *sua sponte* if necessary, if at any time before final judgment it appears the Court lacks jurisdiction. 28 U.S.C. § 1447(c); *Sparta Surgical*, 159 F.3d at 1211; *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc) (federal courts must *sua sponte* examine jurisdictional issues).

The notice of removal didn't attach the complaint or state court record, but Deutsche Bank's motion for remand did attach it. (Docket no. 3-1.) The complaint's caption states that the amount demanded is less than $10,000. The complaint alleges that the real property at issue was sold at auction, and a deed issued in late September, 2011. (*Id.*, ¶ 7.) Although Defendants were removed from the property and locked out, they allegedly re-entered in May, 2013 and began squatting there. (*Id.*, ¶¶ 8–9.) The complaint seeks $88.00 per day, plus an order requiring Defendants to leave. This is far less than the $75,000 threshold for exercise of diversity jurisdiction.

The notice of removal sets the amount in controversy at $544,472.25, based apparently on the principal amount of the mortgage they defaulted on. (Notice of Removal at 2:–20–26.) But in unlawful detainer actions, the amount in controversy is determined by the value of damages and other relief sought in the complaint, not the value of the property allegedly being detained. *See HSBC Bank USA, N.A. v. Jacob*, 2013 WL 6328840, at *2

/ /

---

[1] The notice of removal, in passing, mentions federal question jurisdiction (*see* Notice of Removal (Docket no. 1) at 2:5–8), but no federal question appears on the face of the complaint. Federal question jurisdiction is determined on the face of the complaint. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) (federal question jurisdiction is determined by looking at the face of the complaint). This passing mention may have been inadvertent, because the notice of removal prominently and explicitly relies on diversity jurisdiction, and plead facts in support of such jurisdiction. (*See id.* at 2:17–26.)

(C.D.Cal., Dec. 4, 2013) (citing *Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (Cal. App. 2 Dist. 1977)).

It may be that Defendants are confusing this unlawful detainer action with a quiet title action, in which a plaintiff seeks to enjoin a foreclosure sale or otherwise obtain good title to property. *Compare Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). But this is not a quiet title action; Deutsche Bank is merely seeking possession of the property and damages for its unlawful occupation, not title to it (which the complaint alleges Deutsche Bank already has.) It may also be that Defendants would like to bring a counterclaim to obtain title, or to set aside the foreclosure sale. But for purposes of diversity jurisdiction, the amount in controversy is the value of relief the complaint seeks, without regard to any counterclaims. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

The removing party bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Defendants are therefore **ORDERED TO SHOW CAUSE** why this action should not be remanded. They may do so by filing a memorandum of points and authorities, not longer than five pages, showing why federal jurisdiction exists, no later than the close of business on **March 20, 2014**. If they do not show cause within the time permitted, this action will be remanded.

**IT IS SO ORDERED**.

DATED: March 12, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge