# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for DSLA Mortgage Loan Trust 2004-AR4,<br><br>                       Plaintiff,<br>vs.<br>CELESTE LOUDON, DAVID LOUDON,<br>                       Defendants. | CASE NO. 14cv297-LAB (BLM)<br><br>**ORDER DENYING RENEWED MOTION FOR REMAND** |

      On February 7, 2014, Defendants removed this action from state court, citing diversity jurisdiction. Plaintiff Deutsche Bank filed a procedurally defective motion for remand, in the process violating several local rules and the Court's own standing order, and making inapposite arguments about the lack of a federal question. The motion was denied, but the order of denial pointed out procedural defects in the removal and gave Deutsche Bank leave to move *ex parte* to file a timely motion for remand on those grounds.

      Instead of following the Court's guidance, Deutsche Bank on March 7 obtained a hearing date for a motion to remand, representing that the motion would be filed on March 10. Instead of doing what it promised, however, Deutsche Bank waited until March 14 to file the motion. This violates the Court's own Standing Order, § 4(a) ("Regardless of the motion hearing date, the moving party shall file all moving papers within three court days of obtaining the hearing date from chambers, or within the time provided by Civil Local Rule

7.1(e)(1), whichever is earlier.") as well as Civil Local rule 7.1(e)(1) ("Unless the court shortens time and except as otherwise specified in Civil Local Rule 7.1.e.6, any notice of motion, application or notice of other matter requiring the court's ruling, plus all necessary supporting documents, will require a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed.") The date provided in the notice of removal therefore is untimely, and would not allow Defendants the minimum time to respond provided for under the rule. Furthermore, because the motion was filed over 30 days after removal,[1] its objections to procedural irregularities are all untimely, and therefore waived. *See* 28 U.S.C. § 1447(c); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 935–36 (9th Cir. 2006) (violation of § 1441(b) is procedural and a waivable defect).

Deutsche Bank's motion for remand does make jurisdictional arguments, and of course these are not waived; the Court must remand a removed case if at any time before final judgment it appears jurisdiction is lacking. 28 U.S.C. § 1447(c). That being said, such a challenge is superfluous. The Court, seeing that Deutsche Bank had failed to move for remand, carried out its responsibility to examine its own jurisdiction *sua sponte, see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc), and has issued an order to show cause, requiring Defendants to show that jurisdiction exists.[2] The motion makes only one apposite jurisdictional argument, which is covered in greater depth in the order. In addition, the order requires a shorter response time from Defendants, as well as less briefing.

The only issue raised in the motion that needs to be considered separately is Deutsche Bank's request for sanctions. Deutsche Bank argues that they filed a frivolous notice of removal without notifying either Deutsche Bank or the state court, and that this resulted in the state court holding an unlawful detainer trial and granting judgment for Deutsche Bank **after** removal to this Court. The motion attaches documentation to

---

[1] The Court's order denying the first motion for remand pointed out the 30-day time limit.

[2] The order was signed before, but docketed after, Deutsche Bank filed its motion for remand, so in effect the order and the motion "crossed in the mail."

substantiate this, and argues that Defendants filed the notice of removal solely for the improper purpose of delay. This falls short of a meritorious sanctions motion, however. Under Fed. R. Civ. P. 11(c)(2), "[a] motion for sanctions must be made separately from any other motion . . . ." Including a sanctions request in a motion for remand doesn't comply with this requirement. This subsection imposes the additional requirement that such a motion must be served on the opposing party before filing, and that the opposing party has 21 days to make an appropriate correction.

The Court may, of course, sanction Defendants *sua sponte*, after giving them notice and an opportunity to be heard. Fed. R. Civ. P. 11(c)(3). While they were wrong in failing to notify either the state court or Deutsche Bank of the removal, the Court is inclined to attribute this to confusion about legal requirements, and is disinclined to sanction them *sua sponte*. Parties in their situation who were intent on causing delay would done what they could to prevent the state court from proceeding with the case, instead of allowing it to hold a trial and enter judgment.

Because the motion for remand was untimely filed in violation of local rules and the Court's order, and because it is duplicative of the Court's order to show cause, it is **DENIED**.

In view of Deutsche Bank's repeated failures to follow procedural requirements, which have resulted in numerous procedural snarls, Deutsche Bank's counsel is admonished to review this District's Civil Local Rules, its electronic Case Filing Administrative Policies & Procedures Manual, and the Court's own Standing Order in Civil Cases. The Court expects that this admonition will be sufficient to prevent future violations.

This order does **not** relieve Defendants of their obligation to respond to the Court's order to show cause issued March 13. Should they fail to show cause as ordered, this action will be remanded.

**IT IS SO ORDERED**.

DATED: March 14, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge